HARRIS COUNTY APPRAISAL DIS-
TRICT and Harris County Apprais-
al Review Board, Appellants,

v.

Michael DUNCAN, Appellee.

No. 14–95–00637–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 1997.

Rehearing Overruled May 29, 1997.

G. Todd Stewart, Houston, for appellants.

Michael Duncan, Patrick D. Sullivan, T. Wade Welch, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this unequal tax appraisal case, the Harris County Appraisal District ("HCAD") and Harris County Appraisal Review Board ("HCARB") appeal a judgment granted in favor of Michael Duncan on the grounds that (1) when properly calculated, the appraisal ratio of Duncan's property does not exceed the median level of appraisal by ten percent or more; (2) the award of attorney's fees exceeds the actual amount of tax savings; and (3) HCAD and HCARB, rather than the actual taxing units, were ordered to refund the taxes to Duncan. We reverse and render.

## Background

On January 1, 1993, Duncan owned a piece of property in Harris County with a market value of $550,000. In 1993, the HCAD appraised this property at $563,620. Duncan protested this 1993 appraised value to the HCARB, which ordered it reduced to $530,-800. Duncan then appealed the HCARB's order to the district court claiming that his property was being appraised unequally in violation of Section 42.26(a) of the Texas Property Tax Code [1] (the "Code").

The case was tried to the district court, which found that the median level of appraisal was 92.45 percent. However, in determining the appraisal ratio of Duncan's property, the trial court used the original HCAD appraised value of $563,620 as the numerator rather than the revised HCARB appraised value of $530,800. This resulted in a determination that the 1993 appraisal ratio for Duncan's property was 102.48 percent and exceeded the median level of appraisal of 92.45 percent by more than ten percent. The trial court thus ordered the 1993 appraised value reduced to $508,475, 92.45 percent of its market value, and ordered HCAD and HCARB to refund taxes previously paid by Duncan and to pay attorney's fees.

## Statutory Overview

The Code was enacted in 1979 [2] primarily to remedy the many inequities that had characterized the administration of the prior ad valorem tax system. *Valero Transmission Co. v. Hays Consol. Indep. School Dist.*, 704 S.W.2d 857, 859 n. 1 (Tex.App.—Austin 1985, writ ref'd n.r.e.). The Code establishes an appraisal district in each county. *See* Tex. Tax Code Ann. §§ 6.01, 6.05 (Vernon 1992 & Supp.1997). The appraisal district in each county is responsible for appraising property in the district for ad valorem tax purposes. *Id.* § 6.01(b) (Vernon 1992); *H.E. Butt Grocery Co. v. Jefferson County Appraisal Dist.*, 922 S.W.2d 941, 944 (Tex.1996).

The Code also establishes an appraisal review board for each appraisal district. *See* Tex.Tax Code Ann. § 6.41 (Vernon 1992 & Supp.1997). A property owner has the right to protest an "unequal appraisal" of his property, as compared with other properties in the district, before the appraisal review board for the district. *See id.* § 41.41(2) (Vernon 1992). The appraisal review board holds a hearing at which the property owner is allowed to present evidence and argument. *Id.* § 41.45 (Vernon 1992 & Supp.1996). The appraisal review board then determines the unequal appraisal protest in favor of the property owner if he establishes that the appraisal ratio of his property is greater than the median level of appraisal of a sample of other properties in the appraisal district.[3]

---

1. Tex.Tax Code Ann. §§ 1.01—43.04 (Vernon 1992 & Supp.1997).

2. Although the legislature *enacted* Title 1 of the Tax Code by Acts 1979, 66th Leg., p. 2217, ch.

841, § 1, the Code did not become generally effective until January 1, 1982.

3. Although the selection of properties to be included in the sample varies under subsections (1)

*Id.* § 41.43 (Vernon 1992). The appraisal ratio is "the ratio of a property's appraised value as determined by the appraisal office or appraisal review board, as applicable, to ... the market value of the property...." *Id.* § 1.12(b). The median level of appraisal is the median appraisal ratio of a reasonable and representative sample of properties in an appraisal district. *Id.* § 1.12(a).

Where an appraisal review board determines that a protesting property owner should prevail under section 41.43, its order shall correct the appraisal records by changing the appraised value placed on the protesting property owner's property or by making such other changes in the appraisal records as are necessary to conform the records to the requirements of law. *Id.* § 41.47(a), (b). If the property owner is dissatisfied with the written decision of the appraisal review board and has followed the required procedures,[4] he may appeal the decision by trial de novo in the district court. *Id.* §§ 42.01, 42.23. The district court shall grant relief for an unequal appraisal only if it determines that the appraisal ratio of the property exceeds the median level of appraisal by ten percent or more.[5] *Id.* § 42.26(a).

### Unequal Appraisal

■ In the first of their three points of error, HCAD and HCARB argue that the trial court erred in granting judgment for Duncan under Section 42.26 of the Code because the appraisal ratio of Duncan's property, when properly calculated, did not exceed the 92.45 percent median level of appraisal

and (2) of section 41.43, that difference is not pertinent to this appeal.

4. *See Dallas Co. Appraisal Dist. v. Lal,* 701 S.W.2d 44, 46 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (finding taxpayer to be prohibited from seeking judicial review of appraisal review board order for failing to follow administrative procedures).

5. The ten percent threshold thus exists only for the determination by the district court and not that by the appraisal review board. *Compare* Tex.Tax Code Ann. §§ 41.43 and 42.26(a) (Vernon 1992); *see also* Kliewer, *The New Property Tax Code and Perfecting the Appeal: The Taxpayer's Perspective,* 13 St. Mary's L.J. 887, 898 (1982).

6. *See* Tex.Tax Code Ann. § 41.47 (Vernon 1992).

by ten percent or more. HCAD and HCARB contend that section 1.12 of the Code requires that the appraised value determined by the HCARB, not that determined by HCAD, be used as the numerator in calculating the appraisal ratio in the district court. Duncan responds that the trial court could not consider the HCARB's findings under a de novo standard of review and was therefore required to use the applicable valuation as it existed *prior to* the HCARB action, *i.e.,* that of the HCAD.

■ Section 1.12(b) of the Code provides that the appraised value used in the appraisal ratio is that "determined by the appraisal office or appraisal review board, *as applicable* ..." We interpret this language to mean that the appraisal value to be used by the appraisal review board is that determined by the appraisal district since that is the only appraisal value in existence when a protest is brought before the appraisal review board. Correspondingly, the appraisal value to be used by the district court is that determined by the appraisal review board. This is because (1) after the appraisal review board determines appraisal value, the appraisal records are revised, if necessary, to reflect that value;[6] and (2) for the district court to instead use the original appraisal value determined by the appraisal district, where that value has been revised by the appraisal review board, would render the above section 1.12(b) language, "or appraisal review board, as applicable," meaningless because the value determined by the appraisal review board would then never be applicable.[7]

7. It must be presumed that the legislature would not do a useless act. *Webb County Appraisal Dist. v. New Laredo Hotel,* 792 S.W.2d 952, 954 (Tex.1990); *see also* Tex.Tax Code Ann. § 42.01(1) ("A property owner is entitled to appeal *an order of the appraisal review board* determining a protest by the property owner as provided by ... Chapter 41 of this code.")(emphasis added); Tex. Tax Code Ann. § 42.06(a) (Vernon 1992) ("To exercise the party's right to *appeal an order of an appraisal review board* ....")(emphasis added); *Harris County Appraisal Dist. v. Drever Partners, Inc.,* 938 S.W.2d 196, 197 (Tex.App.—Houston [14th Dist.] 1997, n.w.h.) ("A party seeking to appeal *a determination by the* [*HCARB* ] must file a petition for review in the district court within forty-five days after receiving notice that a final order has been entered.")(emphasis added);

With regard to Duncan's argument that the trial court could not consider the HCARB's findings under a de novo standard of review, the scope of review for appeals to the district court is as follows:

    (a) Review is by trial de novo. The district court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally.

    (b) The court may not admit in evidence the fact of prior action by the appraisal review board or comptroller, except to the extent necessary to establish its jurisdiction.

Tex.Tax Code Ann. § 42.23 (Vernon 1992).

Duncan argues that a conflict exists between section 42.23(b), which states that the district court cannot admit the *fact of* an appraisal review board action, and section 1.12, to the extent it requires the district court to use the revised appraisal review board value of the property in issue when calculating the appraisal ratio. However, no such conflict actually exists because the appraisal value to be used by the district court is simply the most current one on the tax rolls, and is to be admitted into evidence without regard to whether it was revised by the appraisal review board. Even when an appraised value is left unchanged by an appraisal review board, it nevertheless reflects appraisal review board action in affirming it. Thus, it is not the revised appraisal value which may not be admitted into evidence under section 42.23, but the fact of what action the appraisal review board took, if any, in reviewing it.

In this case, therefore, the trial court erred in using the original HCAD appraised value of $563,620 rather than the revised HCARB appraised value of $530,800 in calculating the appraisal ratio of Duncan's property. Had that ratio instead been calculated using the revised HCARB value, the appraisal ratio would not have exceeded the median level of appraisal by 10% or more,[8] thus precluding Duncan from any relief. *See id.* § 42.26. Accordingly, appellants' first point of error is sustained.

Because Duncan is thereby precluded from any relief, he is also not entitled to an award of attorney's fees under section 42.29 [9] or to a refund of taxes under section 42.43 of the Code. Therefore, we need not reach the merits of appellants' second and third points of error. Accordingly, the judgment of the trial court is reversed, and judgment is rendered that Duncan take nothing.

---

General Elec. Credit Corp. v. Midland Cent. Appraisal Dist., 808 S.W.2d 169, 171 (Tex.App.—El Paso 1991), rev'd on other grounds, 826 S.W.2d 124 (Tex.1991) ("Chapter 42 of the Code then provides for a right of appeal by the dissatisfied taxpayer or taxing unit through judicial review de novo *of the appraisal review board's determination* ")(emphasis added).

**8.** Using the HCARB appraised value ($530,800) as the numerator, and the market value ($550,-000) as the denominator, the resulting appraisal

ratio is 96.51 percent. Because the stipulated median level of appraisal was 92.45 percent, the variance between the appraisal ratio and the median ratio is 4.06 percent, which is less than the 10% threshold for recovery set forth in section 42.46 of the Code.

**9.** Attorney's fees may only be awarded to an owner who prevails in an appeal. Tex.Tax Code Ann. § 42.29 (Vernon 1992).