LAMAR COUNTY APPRAISAL DIS-
TRICT and Lamar County Appraisal
Review Board, Appellants,

v.

CAMPBELL SOUP COMPANY,
Appellee.

No. 06–01–00173–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 13, 2002.

Decided Dec. 3, 2002.

Rehearing Overruled Jan. 14, 2003.

James R. Evans Jr., Ernest C. Garcia, Linebarger Goggan, Austin, for appellants.

Edward Kliewer III, Kenneth L. Malone, Mark S. Helmke, Kliewer, Breen, San Antonio, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Lamar County Appraisal District (District) and the Lamar County Appraisal Review Board (ARB) appeal a summary judgment rendered in favor of Campbell Soup Company. Campbell Soup filed suit against the District and the ARB, challenging the validity of the increase in appraised value for 1998 ad valorem tax purposes of its spaghetti sauce plant (Prego plant) located in Paris, Texas. The judgment held the purported increased assessment for 1998 was invalid because Campbell Soup had not been given proper notice as required by TEX. TAX CODE ANN. § 41.11 (Vernon 2001). The judgment also reinstated the prior assessment for the Prego plant, ordered assessment officials to reinstate the lower assessment on the records, and awarded court costs to Campbell Soup. The trial court also overruled objections to Campbell Soup's summary judgment evidence.

The District and the ARB (hereafter collectively, "Appellants") contend the trial court erred 1) in granting summary judgment because the trial court should have conducted a trial de novo on the merits of the assessment placed on the property without regard to any actions taken by Appellants; 2) in ruling that TEX. TAX CODE ANN. § 41.11(a) (Vernon 2001) determines the appropriate notice of an assessment increase; 3) in granting Campbell Soup's motion for summary judgment because no summary judgment evidence exists establishing as a matter of law that Section 41.11 applies to this situation; 4) in grant-

ing Campbell Soup's motion for summary judgment as it failed to establish, as a matter of law, that an entire category of property was not challenged or that any one property owner's property was improperly challenged; and 5) in overruling Appellants' objections to certain summary judgment evidence submitted by Campbell Soup.

### Appraisal Districts, Appraisal Review Boards, and Taxing Unit Challenges

An appraisal district is established by statute in each county, responsible for appraising property in the district for ad valorem tax purposes, for each taxing unit, e.g., school district or municipality, imposing such taxes. TEX. TAX CODE ANN. § 6.01 (Vernon 2001).

An appraisal review board is established for each appraisal district and consists of three members appointed by the appraisal district board of directors. TEX. TAX CODE ANN. § 6.41 (Vernon 2001). Appraisal review boards are vested by law with, *inter alia*, two duties: to determine protests initiated by property owners and to determine challenges by taxing units. TEX. TAX CODE ANN. § 41.01(a)(1), (2) (Vernon 2001).

A taxing unit may challenge, *inter alia*, the level of appraisals in any category of property in the district or in any territory of the district, but not the appraised value of a single taxpayer's property. TEX. TAX CODE ANN. § 41.03(a)(1) (Vernon 2001); *Carr v. Bell Savings & Loan Ass'n,* 786 S.W.2d 761, 764 (Tex.App.-Texarkana 1990, writ denied). An appraisal review board is required to hear a challenge only if the taxing unit files a petition with the board before June 1 or within fifteen days after the date that the appraisal records are submitted to the board, whichever is later. The petition must include an explanation of the grounds of such challenge. TEX. TAX CODE ANN. § 41.04 (Vernon 2001). Upon the filing of a challenge, an appraisal review board is required to give notice and hold a hearing. At the hearing, the taxing unit initiating the challenge and all other interested taxing units are entitled to an opportunity to appear and offer evidence or argument. TEX. TAX CODE ANN. §§ 41.05, 41.06 (Vernon 2001). The board is required to make a determination on each challenge, enter an appropriate written order, and send notice of the determination to the taxing unit. TEX. TAX CODE ANN. § 41.07 (Vernon 2001).

The statute requires an appraisal review board, by July 20, to determine all or substantially all timely filed protests from taxpayers and all timely filed challenges from taxing units, and to approve the appraisal records. TEX. TAX CODE ANN. § 41.12(a), (b) (Vernon 2001).

### Summary Judgment Standards

A summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P 166a. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference and doubt must be indulged and resolved in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

### Trial De Novo

■ Appellants first contend the trial court erred in admitting and considering as summary judgment evidence the actions undertaken by the ARB and the chief assessor, contrary to the applicable statute which authorizes judicial review of such action. TEX. TAX CODE ANN. §§ 42.01, 42.21, and 42.22 (Vernon 2001), authorize a petition for review by a taxpayer in the district court of Lamar County regarding an order of the ARB. TEX. TAX CODE ANN.

§ 42.23 (Vernon 2001), sets forth the scope of review of the trial court in such cases:

> (a) Review is by trial de novo. The district court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally.
>
> (b) The court may not admit into evidence the fact of prior action by the appraisal review board or comptroller, except to the extent necessary to establish its jurisdiction.
>
> (c) Any party is entitled to trial by jury on demand.

Appellants contend that, as review is by "trial de novo" and subsection (b) specifically prohibits the admissibility of evidence about the prior action by the ARB, the trial court improperly considered such action in granting summary judgment. Campbell Soup contends that lack of notice goes to the jurisdiction of the ARB and the trial court, and thus may be considered in this instance.

■ The phrase "trial de novo" is generally defined as a new trial on the entire case, on both questions of fact and issues of law, conducted as if there had been no trial in the first instance. BLACK'S LAW DICTIONARY 1512 (7th ed.1999). As a general rule, cases have held that, when a statute uses the phrase "with regard to the review of a lower court or agency deci-

sion," it means just that—a complete new trial without reference to any procedural errors that may have occurred in the lower court or in the agency subject to appellate review. As a general rule, a "trial de novo" cures all procedural defects in the proceedings below. See, e.g., Catlett v. Local 7370, United Paper Workers, 69 F.3d 254, 259 (8th Cir.1995).

In Gulf, C. & S.F. Ry. Co. v. Lemons, 152 S.W. 1189 (Tex.Civ.App.-Fort Worth 1912), rev'd on other grounds, 109 Tex. 244, 206 S.W. 75 (1918), the court of civil appeals considered the standard to be applied by a district court in its review by certiorari of a county court decision, which the applicable statute provided was to be by trial de novo:

> It could neither affirm the order of the county court upon the record sent up from it, nor reverse an order for errors committed and remand the case for a new trial. In the district court the cause must be retried upon its merits, *without any reference to errors in procedure committed upon the hearing in the county court*....

Id. at 1190 (emphasis added).[1]

Texas courts in a number of cases have acknowledged that the general rule pertaining to trial de novo is proper in reviewing assessments placed on property by appraisal districts.[2] However, notice to

1. However, in some statutes providing for judicial review of administrative decisions, the phrase "trial de novo" is employed, but is held to constitute "substantial evidence" review. See Dallas County Civil Serv. Comm'n v. Warren, 988 S.W.2d 864, 869 (Tex.App.-San Antonio 1999, no pet.); Collingsworth Gen. Hosp., et al. v. Hunnicutt, 988 S.W.2d 706, 708 (Tex.1998).

2. In Cherokee Water Co. v. Gregg County Appraisal Dist., 801 S.W.2d 872 (Tex.1990), the Texas Supreme Court, in discussing the argument that the trial court on such an appeal had no authority to raise the fair market value

for assessment purposes, noted that the appeal in the district court is a trial de novo, that TEX. TAX CODE ANN. § 42.23 (Vernon 2001), prohibits the introduction of evidence of a prior action of an appraisal review board, and that TEX TAX CODE ANN. § 42.24 (Vernon 2001), places on the trial court the duty of fixing the appraised value of the property. Cherokee Water Co., 801 S.W.2d at 877. In Harris County Appraisal Dist. v. Duncan, 944 S.W.2d 706 (Tex.App.-Houston [14th Dist.] 1997, pet. denied), the court noted the de novo review standard, and that prior action by the appraisal review board about the assessment

the taxpayer of an increase in tax liability was not the primary issue in any of these cases. TEX. TAX CODE ANN. § 41.11(c) states that the failure to give notice to the taxpayer in a situation where a tax unit challenge results in an increase to an individual taxpayer "nullifies the change in the records to the extent the change is applicable to that property owner." Other statutes recognize the significance of notice to the taxpayer. For example, TEX. TAX CODE ANN. § 41.411 (Vernon 2001), specifically gives a taxpayer an opportunity to file a protest and be heard by the appropriate appraisal review board regarding an increased assessment—even if that board failed to give him the required notice. If a taxpayer can establish the failure to provide or deliver the necessary notice, he is entitled to a determination on the grounds of his protest, even if he has failed to appeal properly. TEX. TAX CODE ANN. § 41.411(b).

■ Giving proper notice of an increased assessment is a jurisdictional requirement for an appraisal review board's authority to consider an increase. *Harris County Appraisal Review Board v. Gen. Elec. Corp.*, 819 S.W.2d 915, 920 (Tex.App.-Houston [14th Dist.] 1991, writ denied); *Garza v. Block Distrib. Co.*, 696 S.W.2d 259, 262 (Tex.App.-San Antonio 1985, no writ).

■ Therefore, we hold that the issue of proper notice, being determinative of the ARB's jurisdiction, may be considered in this appeal, even in a trial de novo. While the review is de novo, the trial court's

jurisdiction is still appellate in nature and dependent upon the ARB's having properly acquired jurisdiction. An appellate court may exercise jurisdiction and rule on the *merits* of an appeal only if the lower court properly exercised jurisdiction. *See* 4 TEX. JUR. 3d, *Appellate Review*, § 23. An agency may exercise only those specific powers that the Legislature confers on it in clear and express language. *Sportscoach Corp. of Am. v. Eastex Camper Sales*, 31 S.W.3d 730, 734 (Tex.App.-Austin 2000, no pet.). Because notice is jurisdictional, the trial court correctly permitted Campbell Soup to introduce summary judgment evidence about the fact and timing of the notice provided by the ARB. This issue is overruled.

### Section 41.11(a)

■ In their second and third issues, Appellants contend the trial court erred in ruling that their failure to give Campbell Soup the notice specified in TEX. TAX CODE ANN. § 41.11(a) requires that the increased assessment for 1998 be set aside.

We begin by examining the language of the applicable statutes.

(a) Not later that the date the appraisal review board approves the appraisal records as provided by Section 41.12, the secretary of the board shall deliver written notice to a property owner of any change in the records that is ordered by the board as provided by this subchapter and that will result in an increase in the tax liability of the property owner.

was not admissible in such trial de novo. *Id.* at 709. In *Board of Appraisal Review, Travis County Appraisal Dist. v. Protestant Episcopal Church Council*, 676 S.W.2d 616 (Tex.App.-Austin 1984, writ dism'd), a tax exemption appeal, the court stated the "substantial evidence" standard of review of the ARB's determination was not applicable, that the review in the trial court was de novo, and that the

board's decision was not even admissible except to establish jurisdiction. *Id.* at 623. A challenge to the appraisals for a certain class of property made by a taxing unit are also subject to judicial review under the trial de novo standards. *Atascosa County, et al. v. Atascosa County Appraisal Dist.*, 990 S.W.2d 255, 259 (Tex.1999).

An owner who receives a notice as provided by this section shall be entitled to protest such action as provided by Section 41.44(a)(2).

(b) The secretary shall include in the notice a brief explanation of the procedure for protesting the change.

(c) Failure to deliver notice to a property owner as required by this section nullifies the change in the records to the extent the change is applicable to that property owner.

TEX. TAX.CODE ANN. § 41.11.

(a) By July 20, the appraisal review board shall:

(1) hear and determine all or substantially all timely filed protests:

(2) determine all timely filed challenges;

(3) submit a list of its approved changes in the records to the chief appraiser; and

(4) approve the records.

(b) The appraisal review board must complete substantially all timely filed protests before approving the appraisal records and may not approve the records is the sum of the appraised values, as determined by the chief appraiser, of all properties on which a protest has been filed but not determined is more that five percent of the total appraised value of all other properties.

TEX. TAX CODE ANN. § 41.12.

The quoted sections are part of that portion of the Texas Tax Code which provides for challenges by taxing units of the appraisals by the appraisal district. *See generally* 69 TEX. JUR. 3d, §§ 431–434. TEX. TAX CODE ANN. § 41.03(a)(1) (Vernon 2001) authorizes a taxing unit challenge to the levels of any category of property in the district, "but not the appraised value of a single taxpayer's property." The taxing unit must file its challenge petition before June 1 or within fifteen days after the date appraisal records are submitted to the appraisal review board, whichever is later. TEX. TAX CODE ANN. § 41.04.

The ARB then holds a hearing on the challenge petition, before which the affected taxing units are entitled to ten days' notice, and at which they are entitled to appear and offer evidence or argument. TEX. TAX CODE ANN. §§ 41.05, 41.06. In Section 41.05, no time deadlines are specified for the date of such hearing. TEX. TAX CODE ANN. § 41.07(a)-(d) (Vernon 2001) provides the appraisal review board must determine such challenges and issue a written order of such determination. If it finds that appraisal records are incorrect in some respect as raised by the challenge, the appraisal review board then directs the chief appraiser to make reappraisals or corrections in the records as necessary. Subsection (c) provides that the board shall determine all challenges before approval of the appraisal records as provided in TEX. TAX CODE ANN. § 41.12. TEX. TAX CODE ANN. § 41.08 (Vernon 2001), requires the chief appraiser to make the reappraisals or other corrections as ordered by the board, and to submit a copy of the corrected records to the appraisal review board "as promptly as practicable."

Campbell Soup raises a number of arguments in support of the trial court's ruling. It argues that it was entitled to notice and the opportunity to be heard at the hearing required by Sections 41.05 and 41.06. The applicable statutes do not provide for any notice to individual taxpayers of such hearings. Appellants correctly argue that such notice is not necessary because the taxing unit is by statute prohibited from challenging the individual appraisal of any taxpayer. Further, when an appraisal review board sustains a challenge by a taxing unit, that decision does not, in and of itself, cause any increase in the level of the ap-

praised value of any property. Section 41.08 provides that, when an appraisal review board sustains a challenge, the chief appraiser is then required to make reappraisals and corrections and submit a copy thereof to the board as promptly as practicable.

As Appellants correctly argue, such reappraisal may or may not result in an increased assessment: it may result in no change or (at least theoretically) even a decrease. Campbell's Soup is therefore not a party to the taxing unit challenge proceedings and is not affected unless and until the chief appraiser's correction or reappraisal results in an increased appraised value of its plant. This Campbell Soup argument is rejected.

Further, there is no failure of constitutional due process. The record demonstrates that Campbell Soup did receive notice of a hearing on the proposed increase and that it did appear at the hearing and was given an opportunity to be heard and to present evidence. The statute also provides for a trial de novo in the district court, regarding the determination of fair market value of its property. These safeguards are sufficient to satisfy due process. *See Keggereis v. Dallas Cent. Appraisal Dist.,* 749 S.W.2d 516, 518 (Tex.App.-Dallas 1988, no writ).

The language of Section 41.11 is critical to our analysis. It requires the ARB to give notice to the taxpayer of any increase resulting from a tax unit challenge by July 20. It also provides a statutory "nullification" of any increase if such notice is not sent. The July 20 deadline applies to the ARB's determination of any taxing unit challenge, but is not the deadline for the chief appraiser to make reappraisals or corrections resulting from such determination; these are required by a different statute to be completed only "as promptly as practicable." Tex. Tax Code Ann.

§ 41.08. The record in this case shows that the ARB complied with the statute and determined the North Lamar Independent School District challenge by July 20, but the chief appraiser did not complete her reappraisal of the Prego plant by that date. Therefore, on July 20 there was no reason to give notice because nothing had happened yet that would trigger the notice provisions.

We are confronted with a dilemma and a matter of first impression. Affirming the trial court's ruling would effectively require not only that the ARB complete its determination of a taxing unit challenge by July 20, but also that the chief appraiser's reappraisals as a result of the determination of such challenge be completed by that date in order to comply with the notice requirements. This would add requirements not expressly in the statutory scheme.

On the other hand, sustaining Appellants' contentions, *inter alia,* that other notice provisions, such as Tex. Tax Code Ann. § 25.19 (Vernon 2001), would apply in this situation, and that, in any case, Campbell Soup has received all the due process to which it is entitled, would also add to Tex. Tax Code Ann. § 41.11(a) and (c) an exception not enacted by the Legislature. Those statutes specifically impose a notice deadline on increases resulting from taxing unit challenges. That deadline is much more than just a suggestion. This is made obvious, as shown by the teeth provided by the Legislature for a failure to comply: nullification of the increase. The statutes as written therefore contain an obvious ambiguity, inconsistency, error, or omission.

 Our task in interpreting statutes is, first of all, to carry out the Legislature's intent. *Gilbert v. El Paso County Hosp. Dist.,* 38 S.W.3d 85, 89 (Tex.2001);

*Calvert v. Texas Pipe Line Co.*, 517 S.W.2d 777, 780–81 (Tex.1974). In so doing, we are to examine the entire legislative scheme, not just isolated parts thereof. *Calvert*, 517 S.W.2d at 781. We are not free to rewrite statutes to reach a result we might consider more desirable or to write special exceptions into a statute so as to make it inapplicable under certain circumstances. *Pub. Util. Comm'n of Tex. v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988). As a general rule, ambiguities in tax laws are to be strictly construed against the taxing authority and in the taxpayer's favor. *Sharp v. Park 'N Fly of Tex., Inc.*, 969 S.W.2d 572, 574 (Tex.App.-Austin 1998, pet. denied).

Applying these principles of statutory construction, we hold that the Legislature's intent is clearly expressed in TEX. TAX CODE ANN. § 41.11(a) and (c) that notice of any increase in a taxpayer's appraised value, occurring as a result of a taxing unit challenge, be made as specified therein. The statute states in no uncertain terms that, unless the taxpayer is notified as required by statute, the increase is a nullity as to that property. The Legislature was presumably aware of other notice provisions in the tax code, yet did not refer to them in this statute. The Legislature could have provided that notice was to be sent to the taxpayer upon the completion by the chief appraiser of any reappraisal and that the taxpayer affected thereby would have a subsequent opportunity to protest. It did not do so. While it appears that the disparity in the time deadlines was overlooked, we cannot rewrite the statute to provide an exception to the required notice that would apply where the taxing unit challenge has been determined but the chief appraiser has not completed the reappraisals by July 20.

The applicable rules of statutory construction require that we construe such ambiguity in favor of the taxpayer. The statutory scheme for tax unit challenges provides that the challenge by the taxing unit be filed before June 1, or within fifteen days after the appraisal records are certified. Under our construction, the ARB and the chief appraiser would still have time to comply with the July 20 deadline if they acted with dispatch on any taxing unit challenge. This issue is overruled.

### The Taxing Unit Challenge

Appellants also contend that North Lamar I.S.D.'s challenge to the appraisals was a proper challenge to the level of appraisals in a category of property, as authorized by statute, and was not, as contended by Campbell Soup, a challenge to the valuation of their property alone.

The trial court's judgment was not based on this contention, although Campbell Soup did raise this as one of its bases for its motion for summary judgment. In *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996), the Texas Supreme Court held that courts of appeals "should consider all summary judgment grounds that the trial court rules on and *the movant preserves for appellate review* that are necessary for final disposition of the appeal when reviewing a summary judgment ..." and further, "... the appellate court may consider other grounds *that the movant preserved for review* and the trial court did not rule on in the interest of judicial economy." *Id.* (emphasis added).

Campbell Soup has not filed a cross-appeal, nor has it filed a cross-point of error in its brief, seeking to have this Court sustain the award of summary judgment on this basis. *See id.* at 624.[3]

---

**3.** *But, see Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5 (Tex.2000), in which the

Court, in upholding the *Cincinnati Life* holding, stated:

We overrule this issue because the trial court did not grant summary judgment on this basis and because Campbell Soup did not in its brief properly raise this alternative grounds for summary judgment. This issue is overruled.

### Summary Judgment Evidence

 Appellants also contend the trial court erred in overruling their objections to summary judgment evidence offered by Campbell Soup. Specifically, Appellants contend that tape recordings of statements made by a representative of North Lamar I.S.D. at the hearing held on the taxing unit challenge constituted inadmissible hearsay. The trial court "denied" the objections. In response, Campbell Soup contends, alternatively, that the recordings were not hearsay since they were not offered for the truth of the matter asserted therein, that they fell within exceptions to hearsay based on statements and admissions of a party opponent.

The tape recordings were offered to support Campbell Soup's contention that the taxing unit challenge violated the statute forbidding challenges to the appraisals of individual taxpayers' properties. The trial court's summary judgment found for Campbell Soup, based on the failure of Appellants to give proper statutory notice. The trial court did not address the issue of the propriety of the taxing unit challenge.

Thus, overruling Appellants' objections, even if erroneous, would not have probably "caused the rendition of an improper judgment," or "prevented the appellant from properly presenting the case to the court of appeals," and thus would be harmless error. Tex.R.App. P. 44.1. This issue is overruled.

We affirm the trial court judgment.

In Cates we held that the appellate court must review all of the summary judgment grounds on which the trial court actually ruled, whether granted or denied, and which are dispositive of the appeal, and may consider any grounds on which the trial court did not rule.

This latest pronouncement of the rule did not include the requirement that the movant preserve the issue for appeal.