In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-240 CR


 ______________________


 

ELIJAH WHITE RATCLIFF, Appellant



VS.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law


Polk County, Texas


Trial Cause No. 2005-0814






MEMORANDUM OPINION


 Elijah White Ratcliff appeals from a conviction for unlawfully passing a school bus. 
See Tex. Transp. Code Ann. § 545.066 (Vernon Supp. 2006). We affirm the judgment of
the county court at law.

 A jury in the justice court found Ratcliff guilty of disregarding a school bus while the
bus was unloading, and assessed a $500 fine. Ratcliff appealed to the county court at law. 
After a bench trial, the county court at law found Ratcliff guilty of passing a school bus, and
assessed a $200 fine and court costs.

 In this appeal, Ratcliff's first two issues contend that the justice court erred in denying
his request to subpoena witnesses and in denying him access to the jury list. In issue three,
he argues the justice court and the county court at law "unconstitutionally denied appellant
a speedy, fair and impartial trial by his peers through abusive exercise of peremptory
challenges," and erred in denying his Batson (1) challenges.

 A party may appeal a justice court's judgment to the county court at law. Tex. Code
Crim. Proc. Ann. art. 4.08 (Vernon 2005). The county court at law shall try the case de
novo as if the prosecution originally commenced in that court. Tex. Code Crim. Proc. Ann.
art 44.17 (Vernon 2006). In a trial de novo, a court will generally conduct a new trial on the
entire case and without reference to any procedural errors that may have occurred in the
lower court. Lamar County Appraisal Dist. v. Campbell Soup Co., 93 S.W.3d 642, 645 (Tex.
App.--Texarkana 2002, no pet.); see also State v. Alley, 158 S.W.3d 485, 488 (Tex. Crim.
App. 2005) (explaining that in an appeal from a justice court, a trial de novo would ignore
the justice court's ruling). Generally, a trial de novo cures all procedural defects in the
proceedings below. Campbell Soup Co., 93 S.W.3d at 645.

 In this case, the county court at law conducted a new trial on Ratcliff's entire case. 
All alleged procedural defects in the justice court proceedings were cured. See id. We
overrule issues one and two. 

 To the extent Ratcliff attacks the jury selection process in the justice court in issue
three, the trial de novo cured any alleged error. See id. The county court at law conducted
a bench trial; therefore, there is no merit to any argument that attacks jury selection in the
county court at law. We overrule issue three. 

 In his reply brief, Ratcliff presents a fourth issue that argues the county court at law
should have dismissed the case because both the county court at law and the justice court 
failed to provide him with a speedy trial. This issue does not entirely correspond to the issues
raised in his original brief, nor does this argument address matters in the State's brief. A
reply brief is not the place to raise new appellate issues. The reply brief should be limited
to "addressing any matter in the appellee's brief." Tex. R. App. P. 38.3. In any event, we
find nothing in the record to suggest that Ratcliff was denied a speedy trial. See generally
Zamorano v. State, 84 S.W.3d 643 (Tex. Crim. App. 2002) (finding violation of right to
speedy trial when State's negligence caused four year delay between DWI arrest and plea
hearing, and delay prejudiced defendant's case). Ratcliff was issued the traffic citation on
May 17, 2005, the justice court signed the judgment on July 26, 2005, and the county court
at law conducted its trial de novo on May 8, 2006. 

 We overrule Ratcliff's issues and affirm the judgment of the county court at law. 


 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on March 29, 2007

Opinion Delivered July 11, 2007 

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ. 


1. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).