Reversed and Rendered and Opinion filed April 29, 2008








Reversed
and Rendered and Opinion filed April 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00567-CV

_______________

 

THE APPRAISAL REVIEW BOARD of HARRIS COUNTY APPRAISAL
DISTRICT, Appellant

 

V.

 

 

SPENCER SQUARE LTD as the PROPERTY OWNERS and the
PROPERTY OWNERS, Appellees

                                                                                                                                               


On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2006-35693

                                                                                                                                                

 

O P I N I O N








In this
dispute over property tax valuation, appellees, Spencer Square Ltd as the
Property Owners and the Property Owners (ASpencer Square@), sought a writ of mandamus in the
district court ordering appellant, The Appraisal Board of Harris County Appraisal
Review District (Athe Board@), to conduct a second protest hearing.  The Board appeals
from the district court=s denial of its plea to the jurisdiction.  In two issues, the
Board contends (1) the district court is without subject matter jurisdiction to
order the Board to conduct a second protest hearing, and (2) the district court
has no jurisdiction to review appraisal review board hearings under section
41.45(f) of the Texas Tax Code.  We reverse the trial court=s order denying the Board=s plea to the jurisdiction and render
judgment dismissing Spencer Square=s Petition for Appraisal Review Board
Hearing for want of subject matter jurisdiction. 

I. Background

For the
2005 tax year, the Harris County Appraisal District appraised  Spencer Square=s, property at $2,369,350.  Spencer
Square=s tax agent timely filed a protest. 
The Board conducted a hearing on Spencer Square=s protest on July 8, 2005.

At the
protest hearing, both Spencer Square and the Harris County Appraisal District
appeared before a three member panel of the Board.  Both parties offered
evidence regarding the value of Spencer Square=s property.  The Board entered its
written order on July 27, 2005, reducing the property=s appraised value from $2,369,350 to
$1,882,000.

Spencer
Square did not file a petition for review of the order.  However, on June 9,
2006, almost one year later, Spencer Square sought a writ of mandamus in the
district court to order the Board to conduct a new protest hearing.  Spencer
Square contended it did not receive a hearing in compliance with the Tax Code. 
The Board filed a plea to the jurisdiction, which the district court denied. 
This interlocutory appeal followed.

II. Analysis

The
issue presented is whether section 41.45(f) of the Texas Tax Code grants the
district court subject matter jurisdiction to order the Board to conduct a
second protest hearing.








Subject
matter jurisdiction is essential to a court=s authority to act.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443B44 (Tex. 1993).  Whether the trial
court has subject matter jurisdiction is a question of law that we review de
novo.  C.L. Westbrook, Jr. v. Penley, 231 S.W.3d 389, 394 (Tex. 2007). 
The plaintiff has the burden to plead facts affirmatively demonstrating the
trial court has jurisdiction.  See State v. Holland, 221 S.W.3d 639, 642B43 (Tex. 2007).  A plea to the
jurisdiction is a dilatory plea intended to defeat a cause of action without
regard to the merits of the asserted claims.  Bland Indep. School Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000).  In deciding a plea to the
jurisdiction, we may not consider the merits of the cause of action.  County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  We are confined to
the allegations in the plaintiff=s pleadings and the evidence
pertinent to the jurisdictional question.  Id.  

The
district courts are courts of general jurisdiction and have jurisdiction over
all actions, proceedings and remedies Aexcept in cases where exclusive,
appellate, or original jurisdiction may be conferred by [the Texas]
Constitution or other law on some other court, tribunal, or administrative
body.@  Tex. Const. Art. V, ' 8.  An agency has exclusive
jurisdiction when a pervasive regulatory scheme indicates that the Legislature
intended for the regulatory process to be the exclusive means of remedying the
problem to which the regulation is addressed.  In re Entergy Corp., 142
S.W.3d 316, 322 (Tex. 2004).  The Tax Code is a classic example of a pervasive
regulatory scheme evidencing a legislative intent to vest the responsible
agency with exclusive jurisdiction.  See Jim Wells County v. El Paso Prod. Oil
& Gas Co., 189 S.W.3d 861, 871 (Tex. App.CHouston [1st Dist.] 2006, pet.
denied).  The Legislature bestowed exclusive original jurisdiction in ad
valorem tax cases on the appraisal review boards and granted the district
courts appellate jurisdiction over appraisal review board orders.  See Tex.
Tax Code Ann '' 41.45, 42.21 (Vernon 2008); see also Cameron Appraisal Dist. v. Rourk,
194 S.W.3d 501, 502 (Tex. 2006) (holding appraisal review boards have
exclusive original jurisdiction over property tax protests).  








Spencer
Square argues that it does not seek judicial review of the Board=s actions but only seeks a hearing to
which it was entitled under the Tax Code.  Spencer Square contends the district
court has jurisdiction to order an appraisal review board to conduct a new
hearing under Section 41.45(f) of the Texas Tax Code.  Section 41.45(f)
provides, in pertinent part:

A property
owner who has been denied a hearing to which the property owner is entitled . .
. may bring suit against the appraisal review board by filing a petition or
application in district court to compel the board to provide the hearing.  If
the property owner is entitled to the hearing, the court shall order the
hearing to be held . . . .

 

Tex. Tax. Code Ann. ' 41.45(f).  Spencer Square argues
that we should construe this language to mean district courts may order an
appraisal review board to conduct a new hearing whenever the appraisal review
board fails to comply with procedural guidelines contained in the Tax Code. 
Spencer Square further argues that property owners could be deprived of the
informal procedures and burdens of proof the Legislature adopted for property
tax valuation proceedings if we decline to adopt its interpretation of the
statute.








However,
we conclude Spencer Square=s interpretation of section 41.45(f) does not comport with
the procedures the Legislature adopted for review of appraisal review board
orders.  To be entitled to a hearing and determination of a protest, the
property owner initiating the protest must file a written notice of the protest
with the appraisal review board in accordance with the procedural requirements
set out in the Tax Code.  See Tex. Tax Code Ann. ' 41.44(a) (Vernon 2008).  Upon the
filing of a notice of protest, the appraisal review board is required to
schedule a hearing on the protest.  See Tex. Tax. Code Ann. ' 41.45(a).  Section 41.45(f) grants
jurisdiction to the district courts to compel appraisal review boards to
provide a hearing if the appraisal review board denied the property owner a
hearing to which he was entitled, i.e. a protest hearing in front of the
appraisal review board after the property owner filed a written notice of
protest in compliance with the Tax Code.  See Tex. Tax Code Ann. ' 41.45(f); see generally Nev. Gold
& Silver, Inc. v. Andrews Indep. School Dist., 225 S.W.3d 68, 75B76 (Tex. App.CEl Paso, 2005, no pet.) (setting
forth protest procedure and appellate process).  If the property owner is
dissatisfied by the determination of the appraisal review board following the
protest hearing, the property owner is then entitled to judicial review under
Chapter 42 of the Tax CodeBa trial de novo in the district court further appealable as
any civil case.  See Tex. Tax Code Ann. '' 42.01, 42.21, 42.23, 42.28 (Vernon
2008). 

Trial de
novo is generally defined as a new trial on the entire case, on both questions
of fact and issues of law, conducted as if there had been no trial in the first
instance.  See Lamar County Appraisal Dist. v. Campbell Soup Co., 93
S.W.3d 642, 645 (Tex. App.CTexarkana 2002, no pet.) (citing Black=s Law
Dictionary 1512 (7th ed.
1999)).  As a general rule, a trial de novo cures all procedural errors
from the proceedings below.  Id.  The general rule pertaining to trial
de novo is applicable to review of appraisal review board orders.  See id. at
645B46.

When the
Legislature enacted the pertinent provisions of Tax Code, it devised a specific
regulatory scheme whereby a property owner may informally present evidence to
an appraisal review board to protest the district=s valuation of real property.  See
Tex. Tax Code Ann. ' 41.45.  Further, in Chapter 42, the Legislature provided a
specific appellate process for review of board orders.  See Tex. Tax
Code Ann. '' 42.21, 42.23, 42.28.








We
decline to read section 41.45(f) as providing an additional avenue to attack an
appraisal review board=s order.  Following its protest hearing, Spencer Square had
the opportunity to appeal the Board=s order to the district court for
trial de novo to remedy any errors committed by the Board.  Apparently, Spencer
Square chose not to avail itself of its appellate options.  Having forgone such
an appeal, Spencer Square missed its opportunity to contest the Board=s order.  Section 41.45(f) grants the
district courts authority to compel appraisal review boards to conduct a protest
hearing if the appraisal review board denied the property owner a hearing to
which he was entitled.  Section 41.45(f) does not grant the district courts
authority to compel appraisal review boards to conduct additional protest
hearings.  Spencer Square may not now utilize section 41.45(f) to circumvent
the appellate process mandated by the Tax Code.  Therefore, the district
court has no subject matter jurisdiction to order a second appraisal review
board hearing.

Accordingly,
we sustain the Board=s two issues.  We reverse the trial court=s order denying the Board=s plea to the jurisdiction and render
judgment dismissing Spencer Square=s Petition for Appraisal Review Board
Hearing for want of subject matter jurisdiction.

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Opinion filed
April 29, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.