

# NUMBER 13-16-00295-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

YURIDIA Y. MARTINEZ AND
MARIA S. MARTINEZ,                                          Appellants,

v.

DITECH FINANCIAL LLC F/K/A
GREEN TREE SERVICING, LLC,                                  Appellee.

## On appeal from the County Court at Law No. 4
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellants Yuridia Y. Martinez and Maria S. Martinez appeal from the county

court's denial of their petition for bill of review. By two issues, the Martinezes contend

that the county court erred (1) by "not holding a hearing (trial de novo) after the appeal

from [j]ustice [c]ourt was perfected," and (2) by reinstating the justice court's default judgment. We affirm.

## I. BACKGROUND

In cause number C-0294-14-21, appellee Ditech Financial LLC f/k/a Green Tree Servicing, LLC (Ditech) filed a forcible detainer action in the justice court against the Martinezes. In that suit, Ditech sought possession of certain real property in Hidalgo County, Texas. When the Martinezes and their counsel failed to appear for trial, the justice court heard evidence and entered a default judgment in favor of Ditech, awarding possession of the property to Ditech. The Martinezes unsuccessfully appealed the default judgment when they filed their notice of appeal and an insufficient bond ($5,000 instead of the ordered $10,000) late. *See* TEX. R. CIV. P. 510.9.

Subsequently, the Martinezes filed a bill of review—a separate action—in the justice court in cause number C-0949-14-21. In the bill of review proceeding, the Martinezes sought to set aside the default judgment entered against them in cause number C-0294-14-21. The justice court denied their petition. The Martinezes then perfected an appeal from this denial to the county court for de novo review. *See id.* R. 506.1, 506.3. Ditech filed a motion for summary judgment in the county court, challenging the Martinezes' evidence on the elements of a bill of review and seeking the denial of the Martinezes' petition for bill of review. After a hearing on Ditech's motion for summary judgment, the county court entered an order, granting summary judgment in favor of Ditech, denying the Martinezes' petition for bill of review, and dismissing the bill of review case. The Martinezes now appeal from the county court's order.

2

## II.   THE COUNTY COURT CONDUCTED A TRIAL DE NOVO

By their first issue, the Martinezes contend that the court erred because there was no trial de novo in the county court.   They assert that there "is no question that the appeal had been perfected and the [c]ounty [co]urt was required to hold a trial de novo."

### A.   Applicable Law

Trial de novo is generally defined as a new trial on the entire case, on both questions of fact and issues of law, conducted as if there had been no trial in the first instance.   *See Lamar Cnty Appraisal Dist. v. Campbell Soup Co.*, 93 S.W.3d 642, 645 (Tex. App.—Texarkana 2002, no pet.) (citing BLACK'S LAW DICTIONARY 1512 (7th ed.1999)); *see also S. Canal Co. v. State Board of Water Eng'rs,* 159 Tex. 227, 318 S.W.2d 619, 622 (1958) (providing that a de novo trial is a full trial on the facts as well as the law).   "De novo review connotes hearing a matter anew."   *Ex parte Haskin*, 801 S.W.2d 12, 13 (Tex. App.—Corpus Christi 1990, orig. proceeding).   "For instance, in an appeal from the justice court to the county court, a county court does not merely review the evidence but retries the issues."   *Id.* (citing *S. Canal Co.*, 318 S.W.3d at 622); *see Campbell Soup*, 93 S.W.3d at 645.   Likewise, Texas Rule of Civil Procedure 506.3 provides that from the justice court, "[t]he case must be tried de novo in the county court." TEX. R. CIV. P. 506.3.   Rule 506.3 continues, "A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial."   *Id.*

A bill of review proceeding is a separate action brought in equity to set aside a judgment that is not void on its face but is no longer appealable or subject to a motion for a new trial.   *See King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751–52 (Tex. 2003);

3

*see also Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). In order to succeed in a bill of review proceeding, the petitioners, the Martinezes in this case, must show (1) a meritorious defense to the cause of action alleged to support the judgment; (2) that the petitioner was prevented from making by the fraud, accident or wrongful act of his or her opponent; and (3) the petitioner was not negligent. *See King Ranch,* 118 S.W.3d at 751–52.

## B. Discussion

The Martinezes appeal from an order entered by the county court in the bill of review proceeding, an action separate from the underlying forcible detainer action. *See Caldwell*, 154 S.W.3d at 96. As set out above, the county court granted Ditech's motion for summary judgment, denied the Martinezes' petition for bill of review, and dismissed the bill of review case. The Martinezes do not challenge the substance of these rulings. Without authority supporting their argument, the Martinezes only claim that procedurally they did not receive a trial de novo. *See* Tex. R. App. P. 38.1(i). We disagree.

The county court conducted the proceeding as if there had been no trial in the first instance. *See Campbell Soup*, 93 S.W.3d at 645; *see also* Tex. R. Civ. P. 506.3; *S. Canal*, 318 S.W.2d at 622. The county court did not simply review the record from the previous proceeding; it heard Ditech's motion for summary judgment anew and retried the issues. *See Ex parte Haskin*, 801 S.W.2d at 13. Ditech's motion presented the law on a bill-of-review proceeding and the undisputed facts establishing why summary judgment was proper. *See* Tex. R. Civ. P. 166a(c). The Martinezes filed no responsive evidence raising genuine issues of material fact on the essential elements of their petition

4

for bill of review. *See King Ranch,* 118 S.W.3d at 751–52 (affirming summary judgment in favor of a bill of review respondent); *see also* TEX. R. CIV. P. 166a(c). Following a summary judgment hearing where the court received evidence and heard argument by counsel, the county court granted Ditech's motion.

In sum, the county court tried this case, de novo, by summary judgment. *Cf. Cypress-Fairbanks Indep. Sch. Dist. v. Glenn W. Loggins, Inc.*, 115 S.W.3d 67, 70 (Tex. App.—San Antonio 2003, pet. denied) (op. on reh'g) ("After hearing the [summary judgment] motion de novo [on appeal from the tax master report and recommendation], the trial court entered a partial summary judgment on March 8, 2002 in favor of TRAAC."); *Kuhns v. Carnes*, No. 03-98-00247-CV, 1999 WL 699820, at *1 (Tex. App.—Austin Sept. 10, 1999, pet. dismissed w.o.j.) (op., not designated for publication) (appealing from the justice court and "[f]ollowing a trial de novo, the county court at law granted summary judgment in favor of Carnes and awarded Carnes his attorney's fees"). The Martinezes received a new trial on the entire case, on both questions of fact and issues of law. *See Campbell Soup Co.*, 93 S.W.3d at 645. The county court resolved the propriety of the bill of review by summary judgment. We are not persuaded by the Martinezes' argument that they did not have a trial de novo in the county court. We overrule the first issue.

### III.    DEFAULT JUDGMENT NOT REINSTATED

By their second issue, the Martinezes contend that the county court erred in reinstating the justice court's default judgment. Again, we disagree.

The justice court entered a default judgment in the 2014 forcible detainer case, filed in a different cause number. No appeal was taken from the default judgment.

5

Instead, the Martinezes appealed from a separate bill of review proceeding, where the justice court denied their petition. The county court considered the Martinezes' petition for bill of review de novo and again denied it. The county court reinstated no ruling in the forcible detainer action. So the Martinezes' argument is without merit. We overrule the second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
1st day of December, 2016.