**AFFIRMED and Opinion Filed January 26, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00342-CV**

**KATHY LAWS, Appellant**
**V.**
**JAMES ROBERSON D/B/A ROBERSON'S ROOFING AND**
**REMODELING, Appellee**

**On Appeal from the County Court at Law Number Four**
**Dallas County, Texas**
**Trial Court Cause No. CC-192780-D**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Garcia

Kathy Laws, appellant, challenges the trial court's judgment awarding breach

of contract damages and attorney's fees against her. In six issues, Laws argues that

the judgment in favor of James Roberson should be reversed because: (i) the county

court failed to conduct a trial de novo; (ii) the court erred by allowing references to

James Roberson's mechanics lien[1]; (iii) the jury charge contained material errors;

(iv) the fees awarded were not reasonable and necessary; (v) reversal is required in

---

[1] The issue as stated is: "The evidence related to the lien was connected to Roberson's claim to foreclose and bolstered his chances to prevail by referencing the lien, and its contents, along with the justice case results."

the interest of justice because multiple errors caused the rendition of an improper judgment; and (vi) the trial court lacked jurisdiction over an action to foreclose a lien. Concluding Laws's arguments are without merit, we affirm the trial court's judgment.

## I. BACKGROUND

Laws sued Roberson in a JP Court for DTPA and breach of contract in connection with home repairs Roberson provided. Roberson counterclaimed. The JP Court entered judgment against Laws on Roberson's counterclaim and awarded $5,000 in damages, attorney's fees and court costs.

Laws appealed to the county court. Roberson amended his answer and counterclaim for breach of contract and attorney's fees to include a request to foreclose on the mechanics and materialman's lien he filed against Laws's property.

Both parties moved for summary judgment. The court granted Roberson's summary judgment on Laws's DTPA claim and denied summary judgment on both parties' breach of contract claims and what the court construed as Laws's intentional infliction of emotional distress claim. The case was subsequently tried to a jury on those remaining claims.

The jury found that the parties had a contract that Laws breached first causing Roberson $5,000 in damages and that Roberson incurred $62,500 in reasonable and necessary attorney's fees. The jury further found that Roberson did not cause Laws to suffer emotional distress.

Roberson moved for judgment on the verdict and the trial court entered a final judgment against Laws. The judgment awards Roberson $5,000 for breach of contract damages, $62,500 for reasonable and necessary attorney's fees, plus court costs and post-judgment interest. The judgment further orders that Laws take nothing on her claims. Laws appeals from that judgment.

## II. ANALYSIS

### A. Trial De Novo and References to the Lien

Laws's first issue argues that the county court failed to conduct a trial de novo because it allowed several references to the JP proceedings. Her second issue argues that references to those proceedings and to Roberson's lien bolstered Roberson's chances to prevail. Neither argument is persuasive.

It is well established that an appeal to the county court from a justice court is tried de novo. *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *see also* TEX. R. CIV. P. 506.3 (case must be tried de novo in the county court). A trial de novo is generally defined as a new trial on the entire case, on both questions of fact and issues of law, conducted as though there had been no trial in the first instance. *Lamar Cnty. Appraisal Dist. v. Campbell Soup Co*., 93 S.W.3d 642, 645 (Tex. App.—Texarkana 2002, no pet.).

There is no question that there was a trial de novo here. Laws appeared and participated in the pre-trial and trial proceedings pro se. During that time, the parties amended their pleadings and engaged in extensive pre-trial activity that included

–3–

filing special exceptions, motions to dismiss, objections and motions to strike, and motions for summary judgment. After a jury was selected, the parties called and examined witnesses, introduced evidence, and made arguments.[2] The jury was charged and found in favor of Roberson on his breach of contract counterclaim. The subsequent judgment entered by the court was based on the jury's findings.

Laws offers no authority, nor are we aware of any, holding that references to the JP proceedings, improper or otherwise, somehow transform the de novo nature of the county court trial. Moreover, although Laws cites to numerous instances in which the JP proceedings were referenced, there was never an objection to any of those references, nor was there a ruling from the trial court. As a result, any alleged evidentiary error has not been preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Hall v. Njoku*, No. 05-12-01385-CV, 2015 WL 1382037 at *3 (Tex. App.—Dallas Mar. 26, 2015, no pet.) (mem. op.) (appellate complaint not preserved in absence of trial objection). Laws's first two issues are resolved against her.

## B.    Jury Charge

In her third issue, Laws argues that the court's charge on breach of contract was erroneous because it failed to inquire about the materiality of the breach. We are not persuaded.

---

[2] Although the appearance date is unclear, at some point post-verdict Laws was represented by counsel and she is represented by counsel on appeal.

The court's charge tracked the Texas Pattern Jury Charges ("PJC") for competing breach of contract claims where materiality is not at issue. *See* State Bar of Texas, Texas Pattern Jury Charges: *Business, Consumer, Insurance & Employment* PJC 101.2 (2018). Although Laws cites to the *Mustang Pipeline* materiality factors, *see Mustang Pipeline Co. v. Driver Pipeline Co*., 134 S.W.3d 195, 200 (Tex. 2004), nothing in the record demonstrates that materiality was at issue in this case. In fact, during the charge conference the judge noted that although Roberson had requested a material breach question, such a question was not necessary under the facts presented.

Rule 274 requires an objection to the charge. *See* TEX. R. CIV. P. 274. In addition, TEX. R. CIV. P 278 provides that "failure to submit a definition or instructions shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment."

When an element of a claim is omitted from the jury charge without objection and no written findings are made by the trial court on that element then the omitted element is deemed to have been found by the court in such a manner as to support the judgment. TEX. R. CIV. P. 279; *Chon Tri v. J.T.T*., 162 S.W.3d 552, 558 (Tex. 2005); *In re J.F.C*., 96 S.W.3d 256, 263 (Tex. 2002). Because neither party objected that the materiality element was omitted and the trial court did not make findings on

that element, the materiality element is deemed found in support of the judgment.[3] Laws's third issue is resolved against her.

## C.     Attorney's Fees

Laws also argues that Roberson failed to prove that his attorney's fees were reasonable and necessary. We disagree.

Fee-shifting law was recently clarified by the supreme court's opinion in *Rohrmoos Venture v. UTSW DVA Healthcare*, LLP, 578 S.W.3d 469 (Tex. 2019). With certain exceptions, each party in Texas generally must pay its own attorney's fees. *Id*. at 483. One of the exceptions is a case such as this in which a plaintiff prevails in a suit for breach of contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract.").

The party seeking an award of attorney's fees must prove the reasonableness and necessity of the requested fees. *Rohrmoos*, 578 S.W.3d at 484. Sufficient evidence of reasonableness and necessity includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to

---

[3] Laws does not challenge the sufficiency of the evidence to support the deemed finding. *See Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.) (implied findings can be challenged for legal and factual sufficiency). Nonetheless, the record reflects that Laws's failure to pay Roberson for services rendered was material.

perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* "General, conclusory testimony devoid of any real substance will not support a fee award. Thus, a claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id.* at 501–02 (internal citations omitted). Contemporaneous billing records are not required but "are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested." *Id*. at 502. Both reasonableness and necessity "are questions of fact to be determined by the fact finder." *Id*. at 489.

Roberson's counsel testified about the fees incurred and explained that while the total amount of fees incurred was high, it was necessitated by the numerous filings and extensive pre-trial activity in the case. A docket sheet summary reflecting this extensive activity was admitted into evidence. Although counsel's testimony was brief, his billing records were also admitted into evidence.[4] Those records show the tasks performed, who performed the services, when the services were performed, and the time and hourly rate for the services. *See Rohrmoos*, 578 S.W.3d at 484. This evidence is sufficient to support the jury's finding that $62,500 was a reasonable and necessary fee for the services provided in this case. Laws's fourth issue is resolved against her.

---

[4] Laws conducted no cross-examination on counsel's testimony about the reasonableness and necessity of the attorney's fees.

### D.    Multiple Errors

In her fifth issue, Laws argues that there were multiple errors and reversal is required in the interest of justice. We have concluded the trial court did not err. To the extent that Laws seeks to rely on additional alleged errors, the argument is inadequately briefed. *See* TEX. R. APP. P. 38.1. Laws's fifth issue is resolved against her.

### E.    Jurisdiction

Law's final issue argues that the trial court lacked jurisdiction to consider foreclosure of Roberson's lien. *See* TEX. GOV'T CODE ANN. §26.043. The record, however, does not reflect that the trial court adjudicated this issue.[5]

Although Roberson's pleadings included a request for foreclosure of the lien, the trial court did not submit this issue to the jury or grant Roberson any relief on this request. In fact, Roberson's proposed judgment included language granting such relief and the court declined to include it.

The case was tried, submitted to the jury, and a judgment entered on the competing breach of contract and emotional distress claims, all of which are within the court's jurisdiction. *See* TEX. GOV'T CODE ANN. §§ 25.003 (county courts jurisdiction); 25.0592 (Dallas County Courts at Law). Laws's final issue is resolved against her.

---

[5] Indeed, despite her argument, Laws acknowledges that "in the end [the trial court] ruled correctly."

## III. Conclusion

Having resolved all of Laws's issues against her, we affirm the trial court's judgment.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


200342F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KATHY A. LAWS, Appellant

No. 05-20-00342-CV          V.

JAMES ROBERSON D/B/A/
ROBERSON'S REMODELING &
ROOFING, Appellee

On Appeal from the County Court at
Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-19-02780-
D.
Opinion delivered by Justice Garcia.
Justices Myers and Molberg
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JAMES ROBERSON D/B/A/ ROBERSON'S REMODELING & ROOFING recover his costs of this appeal from appellant KATHY A. LAWS.

Judgment entered January 26, 2022.