Homero **DUARTE**, Appellant

v.

Mark **DISANTI**, Appellee.

No. 05–08–00967–CV.

Court of Appeals of Texas, Dallas.

June 25, 2009.

Juan A. Marquez, Dallas, TX, for Appellant.

Richard C. Frasco, McKinney, TX, for Appellee.

Before Justices MOSELY, O'NEILL, and MURPHY.

## OPINION

Opinion By Justice O'NEILL.

The issue presented in this appeal is whether the redemption rights provided for in the Texas Residential Property Owners Protection Act apply to condominiums. Because we conclude they do not, we affirm the trial court's judgment.

Duarte owned a condominium in the Skillman Bend Condominiums. The condominiums were created in 1980. Duarte failed to pay certain assessments, and the condominium association foreclosed on its lien, conducted a foreclosure sale, and sold the property to Disanti, a third party. Duarte attempted to "redeem" the property pursuant to the provisions of section

209.011 of the Texas Residential Property Owners Protection Act. Disanti refused to allow Duarte to redeem the property, and Duarte filed suit. The sole basis for Duarte's claimed right of redemption is chapter 209 of the Texas Property Code. Disanti filed a motion for summary judgment asserting chapter 209 does not apply to condominiums. The trial court agreed and rendered judgment against Duarte. This appeal followed.

Chapter 209 of the property code, known as the Texas Residential Property Owners Protection Act, became effective in 2002. The Property Owners Protection Act contains various provisions concerning when a property owners' association of a "residential subdivision" may foreclose upon a lien. Section 209.011 of the Property Owners Protection Act also gives property owners certain rights of redemption when a property owners' association forecloses on such a lien. *See* TEX. PROP. CODE ANN. § 209.011 (Vernon 2007). Section 209.003(d) makes clear that the Act does not apply to condominium developments "governed by Chapter 82" of the property code. *Id.* 209.003(d).

Chapter 82, which applies only to condominiums, contains its own provisions that concern redemption after foreclosure by a property owners' association. Chapter 82 became effective in 1994. Condominiums created after that date are governed "exclusively" by chapter 82. TEX. PROP.CODE ANN. § 82.002(a) (Vernon 2007). Certain provisions of chapter 82, however, apply to all condominiums, regardless of when they were created. In particular, section 82.113 applies to all condominiums in the State of Texas. TEX. PROP.CODE ANN. § 82.002(c) (Vernon 2007). This section contains the provisions that permit a condominium's property owners' association to take a lien on a condominium, allow for nonjudicial foreclosure of such liens, and give a prop-erty owner a right of redemption when a unit is foreclosed on and purchased by the association. *See* TEX. PROP.CODE ANN. § 82.113 (Vernon 2007).

 In his motion for summary judgment, Disanti asserted the redemption provisions of the Property Owner's Protection Act do not apply to condominiums, which are governed by chapter 82. Matters of statutory construction are questions of law that are appropriately decided in a motion for summary judgment. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655–56 (Tex.1989); *see also Burnett–Dunham v. Spurgin,* 245 S.W.3d 14, 16 (Tex. App.-Dallas 2007, pet. filed); *New Times, Inc. v. Doe,* 183 S.W.3d 122, 124 (Tex.App.-Dallas 2006, no pet.). Our primary objective when construing a statute is to ascertain and give effect to the legislature's intent. *Coleman v. Coleman,* 170 S.W.3d 231, 235–36 (Tex.App.-Dallas 2005, pet. denied). We look first to the plain and common meaning of the language of the statute. *Burnett–Dunham,* 245 S.W.3d at 16–17. We must read the statute as a whole and not just in isolated portions. *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004). Courts should give effect to "every sentence, clause, and word of a statute so that no part thereof [will] be rendered superfluous." *Russell v. Wendy's Int'l, Inc.,* 219 S.W.3d 629, 638–39 (Tex.App.-Dallas 2007, pet. dism'd). When construing a statute, it is presumed the entire statute is intended to be effective. TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005). We also consider the objective the law seeks to obtain and the consequences of a particular construction. *Coleman,* 170 S.W.3d at 236. Finally, we do not give a statute meaning that conflicts with other provisions if we can reasonably harmonize the provisions. *Id.*

Section 209.011 of the Property Owner's Protection Act expressly states that chapter 209 does not apply to a condominium "governed by Chapter 82" of the Texas Property Code. According to Duarte, his condominium was not governed by chapter 82 because it was created before January 1, 1994, the effective date of chapter 82. All condominiums in the State of Texas are governed by the redemption provisions of chapter 82. TEX. PROP.CODE ANN. § 82.002(a), (c) (Vernon 2007). We conclude under the plain terms of the Property Owners Protection Act, that the Act does not apply to Duarte's condominium. We believe this construction is in harmony with the legislature's clear intent to have different redemption rights for residential subdivisions than for condominiums. We cannot conclude the trial court erred in granting Disanti's motion for summary judgment. We affirm the trial court's judgment.