Opinion filed November 12, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00337-CV

_____

## ESTATE OF MARVIN L. SMITH, JR., D/B/A IDLEWOOD TERRACE APARTMENTS, Appellant

## V.

## ECTOR COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-134,054**

### O P I N I O N

This appeal presents a procedural conundrum. Both parties filed competing no-evidence motions for summary judgment on the same legal issue. Neither party filed a response to the other party's no-evidence motion for summary judgment. Instead, each party argued that the other party bore the burden of proof on the controlling legal issue. Accordingly, the resolution of this appeal hinges on our

review of the trial court's implicit determination that Appellant bore the burden of proof. We affirm.

*Background Facts*

This is a dispute over a property tax valuation. In April 2012, the Ector County Appraisal District mailed Appellant, the Estate of Marvin L. Smith, Jr., d/b/a Idlewood Terrace Apartments, a "Notice of Appraised Value" that its property was appraised at a total market value of approximately $1.5 million. Appellant timely protested this appraisal by filing a Property Tax Notice of Protest. *See* TEX. TAX CODE ANN. § 41.41 (West 2015). The Ector County Appraisal Review Board held a hearing on Appellant's protest. The Review Board issued an order in which it determined the total market value of the property to be approximately $1.3 million. Appellant then appealed this order to the district court as provided by Chapter 42 of the Texas Tax Code by filing an "Original Petition for Review of Appraisal Review Board." *See id.* § 42.01. Appellant alleged in the petition that "[t]he Review Board's Value is erroneous for the following reason: the Review Board's Value represents an unequal and discriminatory appraisal when compared to similar apartment complexes." *See id.* § 42.26.

The Appraisal District filed a general denial in response to Appellant's petition. Almost a year later, the Appraisal District filed a no-evidence motion for summary judgment in which it alleged that Appellant had the burden to produce, and had not produced, any evidence of an "unequal appraisal." Appellant did not file a response to the Appraisal District's no-evidence motion for summary judgment. Instead, Appellant filed a competing no-evidence motion for partial summary judgment in which it alleged that the Appraisal District had the burden to prove that the appraised value was equal to "similarly situated properties" and asserted that the Appraisal District had produced no evidence of similar valuations. The Appraisal District did not file a response to Appellant's no-evidence motion for partial

2

summary judgment. The trial court held a hearing on the competing no-evidence motions for summary judgment. It granted the Appraisal District's motion and denied Appellant's motion. In one issue on appeal, Appellant contends that the trial court erred when it granted summary judgment in favor of the Appraisal District because the Appraisal District had the burden of proof in the district court.

*Analysis*

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus.*, 286 S.W.3d at 310; *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)).

Ordinarily, when competing motions for summary judgment are filed and one is granted and the other denied, the reviewing court must review the summary judgment evidence presented by both sides, determine all questions presented, and render such judgment as the trial court should have rendered. *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). While this case involves competing motions for summary judgment, it is not an ordinary situation because neither party filed a response to the other party's no-evidence motion for summary

judgment. Accordingly, neither party presented the trial court with any summary judgment evidence in opposition to the other party's no-evidence motion for summary judgment.[1]

Rule 166a(i) permits a party to move for "summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). Thus, only a party without the burden of proof may move for no-evidence summary judgment. *See id.*; *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.); *Reyes v. Saenz*, 269 S.W.3d 675, 676–77 (Tex. App.—San Antonio 2008, no pet.). As reflected by its pleadings, Appellant sought relief under Section 42.26 for an allegedly unequal appraisal. Appellant contends that the trial court should have granted its no-evidence summary judgment because the Appraisal District had the burden of proof to establish an equal appraisal under Section 42.26. Conversely, the Appraisal District filed its own no-evidence summary judgment motion in which it alleged that Appellant had the burden of proof to establish an unequal appraisal under Section 42.26. Therefore, the controlling question is who bears the burden, the Appraisal District or the property owner, in the district court to establish a claim under Section 42.26.

The Tax Code prescribes procedures for challenging the appraisal of property for ad valorem purposes. TAX §§ 41.43, 42.01. The Tax Code provides an initial administrative review process before the appraisal review board. *See id.* §§ 41.01–.71. This administrative review process is intended to "resolve the majority of tax

---

[1]The Appraisal District attached copies of Appellant's discovery responses to its no-evidence motion for summary judgment. In doing so, the Appraisal District asserted that "[Appellant's] failure to produce any [evidence under Section 42.26] is demonstrated by its responses to [the Appraisal District's] discovery requests." If evidence is attached to a no-evidence motion for summary judgment brought solely under Rule 166a(i), that evidence should not be considered unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004). Appellant has not asserted that its discovery responses create a fact issue. Accordingly, we do not consider the discovery responses as summary judgment evidence. *Id.*

4

protests at this level, thereby relieving the burden on the court system." *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990) (citing *Dall. Cnty. Appraisal Dist. v. Lal*, 701 S.W.2d 44, 47 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)).

Appellant protested the appraised value of the property before the Ector County Appraisal Review Board. TAX § 41.41. The Tax Code specifically states that, at the hearing before the appraisal review board, "the appraisal district has the burden of establishing the value of the property by clear and convincing evidence." *Id.* § 41.43(a–3). If the appraisal district fails to establish the value of the property, "the protest shall be determined in favor of the property owner." *Id.* § 41.43(a–4).

The decision of the appraisal review board is reviewable by trial de novo in a district court. TAX § 42.23(a).[2] Trial de novo is generally defined as a new trial on the entire case, on both questions of fact and issues of law, conducted as if there had been no trial in the first instance. *See Lamar Cnty. Appraisal Dist. v. Campbell Soup Co.*, 93 S.W.3d 642, 645 (Tex. App.—Texarkana 2002, no pet.) (citing BLACK'S LAW DICTIONARY 1512 (7th ed. 1999)). As a general rule, a trial de novo cures all procedural errors from the proceedings below. *Id.* The general rule pertaining to trial de novo is applicable to the review of determinations by the appraisal review board. *See id.* at 645–46. Notably, Section 42.23 contains no language concerning the burden of proof. Instead, the Tax Code states that "[t]he district court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." TAX § 42.23. Neither party cites, nor have we found, any cases

---

[2]Section 42.23(f) contains a provision specifically dealing with a no-evidence motion for summary judgment filed in the appeal of a decision by the appraisal review board. It provides that, "[f]or purposes of a no-evidence motion for summary judgment filed by a party to an appeal under this chapter, the offer of evidence, including an affidavit or testimony, by any person, including the appraisal district, the property owner, or the owner's agent, that was presented at the hearing on the protest before the appraisal review board constitutes sufficient evidence to deny the motion." TAX § 42.23(f). It is obviously inapplicable to this appeal since neither party filed a response to the other party's no-evidence motion for summary judgment. *See also id.* § 42.23(h)(1).

that address the issue of who carries the burden of producing evidence at the district court level.

Appellant cites Section 41.43(b) as the basis for its argument that the Appraisal District had the burden of proof. It asserts that, since the judicial review of the decision of the appraisal review board is by trial de novo, the party that had the burden of proof before the appraisal review board should have the burden of proof in the district court. We disagree. Section 41.43 only applies to protests before the appraisal review board. *Id.* § 41.43. An appeal to the district court is governed by Chapter 42 of the Tax Code. *See* TAX §§ 42.01–.43. Thus, the section cited by Appellant is inapplicable to this case. Had the legislature intended for the burden to be on the appraisal district in an appeal filed by the taxpayer, it could have added similar language to Chapter 42.

Generally, the burden of proof in a civil case is determined from the pleadings and rests upon the party against whom judgment must be entered under the pleadings if neither side introduced any evidence. *See Walker v. Money*, 120 S.W.2d 428, 431 (Tex. 1938). Unlike Section 41.43, which firmly places the burden on the appraisal district, Section 42.23 simply instructs the district court to try all the issues "in the manner applicable to civil suits generally." TAX § 42.23. Here, Appellant sought affirmative relief in the form of a reduced appraisal value. Thus, Appellant had the burden of proof. *See Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984) ("It is a well accepted postulate of the common law that a civil litigant who asserts an affirmative claim for relief has the burden to persuade the finder of fact of the existence of each element of his cause of action."); *see also Russell v. City of Bryan*, 919 S.W.2d 698, 704 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("It is well accepted that the burden of proof is on the party claiming affirmative relief.").

Appellant could not properly move for no-evidence summary judgment because it had the burden of proof in the district court on its claim of an unequal appraisal. TEX. R. CIV. P. 166a(i); *Reyes*, 269 S.W.3d at 676–77. Under the Rules of Civil Procedure, the trial court was required to grant the Appraisal District's no-evidence motion for summary judgment "unless [Appellant] produce[d] summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). Appellant did not file a response to the Appraisal District's no-evidence motion for summary judgment. Therefore, the trial court correctly granted the Appraisal District's no-evidence motion for summary judgment. We overrule Appellant's sole issue.

## *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

November 12, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.