

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00176-CV
_____

NICHOLAS LEE, Appellant

V.

HOOD COUNTY APPRAISAL DISTRICT, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2022317

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

This is an ad valorum tax dispute over the valuation and taxability of personal property owned by Appellant Nicholas Lee. Lee contends that the trial court erred in granting Appellee Hood County Appraisal District's (the District's) motion for no-evidence summary judgment and denying his competing traditional motions for summary judgment. We will affirm.

## I. BACKGROUND

Lee is the sole member of Lee Exceptional Investments, LLC (the LLC), which owns multiple tracts of real property in Granbury, Texas. One of those tracts contains a shop out of which Lee operates and manages a landscaping business called Exceptional Landscapes.[1] Exceptional Landscapes performs a variety of landscaping services including landscape design, lawn maintenance, tree pruning, and irrigation installation, maintenance, and repair.

### A. 2021 TAX-YEAR LAWSUIT

For the 2021 tax year, Exceptional Landscapes received an appraisal which showed that it owned $200,000 worth of business personal property. Exceptional Landscapes protested this appraised amount to the Hood Central Appraisal Review Board (ARB) as excessive, and the ARB determined on May 28, 2021, that the

---

[1]Exceptional Landscapes is a d/b/a of the LLC.

assessed value was correct. Neither Exceptional Landscapes nor Lee rendered any business personal property to the District for the 2021 tax year.[2]

Exceptional Landscapes then appealed the ARB's decision by filing a petition for review with the district court on July 7, 2021. *See id.* § 42.21. On March 29, 2022, Lee was deposed and stated that he individually owned all of the business personal property used by Exceptional Landscapes, which included shovels, trenchers, mowers, weed-eaters, blowers, chainsaws, a pressure washer, four or five trucks or other vehicles, PVC pipe, rocks, gravel, and five or six trailers. He also testified that he reports to the IRS all of Exceptional Landscapes' income and that when people write checks to the landscaping business they are made payable to Exceptional Landscapes and then deposited into a business banking account. When asked about the market value of the personal property, he said that he had no opinion.

In response to this information, the District changed the appraisal rolls to reflect that Lee was the sole owner of the property at issue.[3] *See id.* § 25.25(b) (allowing chief appraiser to correct names and determinations of ownership on

---

[2]The Tax Code requires that all persons "render for taxation all tangible personal property used for the production of income that the person owns or that the person manages and controls as a fiduciary on January 1." Tex. Tax Code Ann. § 22.01(a). This rendition statement must contain, among other things, "the property owner's good faith estimate of the market value of the property." *Id.* § 22.01(a)(5).

[3]The 2021 appraisal originally listed "Lee Exceptional Investments C/O: DBA Exceptional Landscapes and Lee Nicholas" as the owners of the business personal property.

3

appraisal rolls "at any time"). The District then filed a no-evidence motion for summary judgment and, in response to Lee's amended petition, a plea to the jurisdiction. The trial court granted the District's motion for summary judgment on August 18, 2022, and then its plea to the jurisdiction on September 1, 2022. The September 1 order appears to have been the final judgment in that case. Lee did not appeal.

## B. 2022 TAX-YEAR LAWSUIT

For the 2022 tax year, Lee—in his individual capacity—received a $200,000 appraisal for the same business personal property. As in 2021, Lee did not render any business personal property to the District for the 2022 tax year. *See id.* § 22.01. He protested the appraised amount to the ARB on the grounds that the appraised market value of the business personal property was incorrect or unequal compared to other properties.[4] The ARB determined that the appraised market value was correct and not excessive and that the property had not been unequally appraised.

On July 19, 2022, Lee again appealed to the district court. *See id.* § 42.21. In his petition for review, Lee sought relief not only from the ARB's recent 2022 tax-year decision but also from its 2021 tax-year decision that had been the basis of the prior lawsuit. Lee alleged that the District had violated the Texas Constitution and Tax

---

[4]Lee also appears to have protested on the ground that the property-owner's name was incorrect, but the ARB's decision did not address this issue, and it was not raised on appeal with the district court or with this court.

4

Code by "apprais[ing] a picture of real property sitting at a computer" rather than by ascertaining the value of the property based on its individual characteristics. *See* Tex. Const. art. VIII, § 1; Tex. Tax. Code Ann. § 23.01(b). Further, Lee alleged pursuant to Section 42.21 of the Tax Code that the appraised values were excessive and unequal "and amount[ed] to unlawful discrimination and made violation [sic] of the Texas Constitution and statutory law as no property was appraised as required by law." Finally, he alleged that the personal property at issue was exempt from taxation pursuant to Section 11.14 of the Tax Code because he did not own it for the purpose of producing an income. He requested that the trial court enter judgment that the appraised value of the property was "no more than $0.00," and asked for his attorney's fees under Section 42.29 of the Tax Code.

Lee was deposed again but this time refused to answer—at his attorney's instruction—most of the District's questions related to the ownership and valuation of the personal property at issue. Instead, he maintained that he owned no personal property that was used for the production of income and that any questions not related to this narrow issue were irrelevant. When asked why he believed that the landscaping equipment was not used for the production of income, Lee responded: "In the year in question, I did not produce an income. And therefore—and since that's a requirement for the existence of tangible personal property not due an exemption, then nothing that I own for that year could possibly be considered [] business tangible personal property."

5

Lee then moved for summary judgment on his claims. His summary-judgment evidence consisted of two declarations, one from himself and one from his attorney for the purpose of establishing attorney's fees. Lee declared as follows:

> I am married to Melissa Lee and we live at 3225 Crossbridge, Granbury, Texas in a home valued by the [District] at $507,260 and pay taxes on same. I am the sole member, which membership interest is community property, in Lee Exceptional Investments, LLC d/b/a Exceptional Landscapes. Individually I work at Exceptional Landscapes as the manager. It is the only place I work and earn an income if there is money left over from expenses each year. Over the years my wife and I have accumulated some personal tangible property. We do not use our tangible personal property to earn an income. It is my understanding that Section 11.14 of the Texas Tax Code states that tangible personal property other than manufactured homes that a person owns and [is] not used for the production of income is exempt. My reading of Section 11.43(a) is that no application for exemption is required for Section 11.14 property.

> The [District] appraiser has never asked me any questions about producing income at any time, and in 2021 and 2022 appraised the "property", which they will not define and will not produce a list on request, was shown at $200,000. At the 2021 appeal hearing the appraiser looked at an aerial picture on a computer and said, "that has to be worth $200,000." The picture was an aerial picture with no operating equipment and no vehicles. Section 22.07 states the chief appraiser or his authorized representative may enter the premises and inspect and determine the existence and market value of tangible personal property that is used for production of income. One can only determine if income is produced by asking questions. The only income available to me is as manager of Lee Exceptional Investments, LLC d/b/a Exceptional Landscapes.

> The taxes paid by Lee Exceptional Investments, LLC d/b/a Exceptional Landscapes in 2021, and all refunds, have been assigned to me.

6

The District then filed its no-evidence motion for summary judgment, arguing that Lee had produced (1) no evidence that the business personal property was entitled to exemption under Section 11.14(d) of the Tax Code and (2) no evidence related to the market value of the property, which he was required to produce to establish his incorrect-appraisal claims. Further, the District contended that Lee's claims related to the 2021 appraisal were barred by res judicata and that he was not entitled to attorney's fees under the Tax Code because, absent evidence of the property's value, Lee could not present a prevailing claim.

The District's summary-judgment evidence consisted of the affidavit of the District's chief appraiser,[5] aerial photos of the real property at which Exceptional Landscapes conducted its business, copies of the 2021 and 2022 notices of protest filed by Exceptional Landscapes and Lee, copies of the ARB's determination orders from both years, a letter from the District to Lee notifying him that the owner of the property had been changed to Lee only, transcripts of both of Lee's depositions, various pleadings from both lawsuits, and the District's first set of interrogatories and requests for production and admissions propounded upon Lee in the 2022 lawsuit.[6]

---

[5]The chief appraiser attested to the veracity of the District's business records attached to its motion and also that neither the LLC nor Lee had rendered any business personal property for the 2021 and 2022 tax years.

[6]These discovery responses are largely unremarkable for our purposes, apart from Lee's reiterating his belief that the personal property at issue was exempt because it had not been used for producing an income.

7

Lee then filed his "Plaintiff's Response to Defendant's Motion for Summary Judgment and Counter-motion for Summary Judgment." In this filing, Lee did not delineate between his response and countermotion but simply rehashed the same arguments that he had asserted in his original motion for summary judgment. As evidence, he attached the same two declarations that he had attached to his original motion. In turn, the District responded with substantively the same arguments and evidence that it had brought in its motion for summary judgment.

After a hearing on the competing motions, the trial court granted the District's motion and dismissed the entire suit. It also explicitly denied Lee's motion and counter-motion for summary judgment. Lee appealed.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W. 3d 860, 862 (Tex. 2010). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary-judgment evidence and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Wells Fargo Bank, N.A. v. Rodriguez*, No. 02-21-00155-CV, 2022 WL 803839, at *2 (Tex. App.—Fort Worth Mar. 17, 2022, no pet.). We should then render the judgment that the trial court should have rendered. *See Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009); *Mann Frankfort*, 289 S.W.3d at 848. A plaintiff is entitled to summary judgment on a cause of action if he conclusively proves all

8

essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Questions of law—such as those addressing statutory construction—are appropriate matters for summary judgment. *Salahat v. Kincaid*, 195 S.W.3d 342, 343 (Tex. App.—Fort Worth 2006, no pet.); *see Duarte v. Disanti*, 292 S.W.3d 733, 735 (Tex. App.—Dallas 2009, no pet.).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). A no-evidence summary judgment is essentially a pretrial directed verdict because it requires the nonmovant to present evidence sufficient to raise a genuine, material fact issue on each challenged element. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). We apply the same legal-sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

Accordingly, we review the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.* at 751. A no-evidence motion should be granted when

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Id.* (internal punctuation omitted).

Undisputed contrary evidence conclusively establishes the opposite of a vital fact if a party admits that it is true. *City of Keller v. Wilson*, 168 S.W.3d 802, 815 (Tex. 2005).

## III. DISCUSSION

Lee complains on appeal that the trial court erred in (1) denying his summary-judgment motions and (2) granting the District's no-evidence motion. In his brief, he does not discuss the applicable standards of review, and his argument section presents a series of broad arguments supported by little or (in some cases) no legal authority. Because we are to liberally construe his brief, Tex. R. App. P. 38.9, and we can determine with reasonable certainty the alleged errors, we will consider Lee's complaints as we understand them. *See Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.—Fort Worth 2009, pet. denied).

In our view, Lee raises four distinct complaints:

1. The trial court erred in granting the District's no-evidence motion as related to the 2021 tax appraisal because his 2021 claims were not barred by res judicata.

2. The trial court erred in granting the District's no-evidence motion because he conclusively proved that the appraised value of the business personal property was zero given the fact that the District had employed illegal appraisal methods.

3. The trial court erred in granting the District's no-evidence motion for summary judgment because he conclusively proved that the personal property was exempt from taxation under Section 11.14(a) of the Texas Tax Code.

4. The trial court erred in denying his attorney's fees because he conclusively proved his entitlement to those fees.

10

## A.  NO JURISDICTION OVER 2021 TAX-YEAR CLAIMS

In its no-evidence motion, the District argued that Lee's claims related to the 2021 ARB order were barred by res judicata because they had been—or should have been—litigated within the 2021 lawsuit.  Lee argues on appeal that res judicata did not bar the trial court from hearing those claims because "the legality of the appraisal was not an issue before the [trial court]" in the prior lawsuit and because the prior lawsuit had been dismissed for lack of jurisdiction rather than "finally adjudicated."  We need not decide whether res judicata barred Lee's 2021 claims because the trial court did not have jurisdiction to consider them as part of the 2022 lawsuit.

Section 42.01 of the Tax Code provides that a property owner may appeal to the district court any ARB order stemming from a protest brought under Section 41.41.[7]  Tex. Tax Code Ann. § 42.01(a)(1)(A).  Section 42.21 provides that a party who desires to appeal from an ARB order "must file a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had . . . ."  *Id.* § 42.21(a).  Failing to file a timely petition "bars any appeal under this chapter."  *Id.*  "The 60-day filing deadline is jurisdictional, meaning that if the property owner does not timely file the petition, the trial court

---

[7]Section 41.41 gives a property owner the right to protest to the ARB certain actions, including: determinations of the appraised value of property, unequal appraisals, or "any other action of the chief appraiser, appraisal district, or [ARB] that applies to and adversely affects the property owner."  Tex. Tax Code Ann. § 41.41(a)(9).

lacks subject matter jurisdiction to hear the appeal." *Harris Cent. Appraisal Dist. v. Zheng*, No. 01-23-00186-CV, 2024 WL 234416, at *1 (Tex. App.—Houston [1st Dist.] Jan. 23, 2024, no pet. h.); *see Storguard Invs, LLC v. Harris Cnty. Appraisal Dist.*, 369 S.W.3d 605, 614 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see also Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (explaining that ARB decisions are final if not timely appealed to the district court as required by Section 42.21(a)).

Here, the 2021 ARB order is dated May 28, 2021, and there is no question that Lee had notice of this order soon after that because he appealed it on July 7, 2021. Thus, even if we use the July 7, 2021 date as the date upon which Lee first had notice of the ARB's 2021 order, any appeal from the 2021 order was due within sixty days of that date. But the instant lawsuit was not filed until July 19, 2022—well after that sixty-day deadline. As such, the trial court did not have subject matter jurisdiction— within the 2022 lawsuit proceedings—to consider Lee's claims as they related to the 2021 ARB order, and it did not err in granting the District's no-evidence motion for summary judgment as to those claims.[8] We overrule this issue; the remainder of our opinion will address Lee's issues only as they pertain to the 2022 tax appraisal.

---

[8]It is worth noting that Section 42.21(c) affords a property owner two options in the event that he appeals an ARB order and that appeal is still pending when a new ARB order is issued in a subsequent tax year for the same property: either (1) amend the original petition in the pending appeal to include claims related to the subsequent order or (2) file a separate, independent appeal related to the new order. Tex. Tax Code Ann. §42.21(c). Importantly, an owner "may not do both." *Id.* Lee's 2021

## B. Appraised Value of the Property

Next, Lee argues that the trial court erred in granting the District's no-evidence motion for summary judgment because he conclusively proved that the appraised value of the business personal property was zero given the fact that the District had employed illegal appraisal methods in violation of Section 23.01 of the Tax Code. *See* Tex. Tax Code Ann. § 23.01(b) (requiring that property be appraised "based upon the individual characteristics that affect the property's market value"). The District counters that it was entitled to no-evidence summary judgment related to Lee's complaint that the District had overvalued the property because Lee did not produce any evidence as to the correct value of the property—a burden he bore in the de novo appeal before the trial court. We agree with the District.

In a property owner's appeal to the district court, an ARB determination is reviewed by trial de novo. Tex. Tax Code Ann. § 42.23(a). Under such review, the trial court "shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." *Id.*; *see In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 586 (Tex. App.—San Antonio 2006, no pet.) (explaining that trial de novo review requires reviewing court to "conduct an independent fact-finding proceeding in which

_____

lawsuit was pending when the ARB issued its 2022 order. Thus, Lee could have amended his 2021 petition to include the 2022 ARB order. But he chose to forego this option and to instead file a separate, independent petition. He cannot now shoehorn claims related to the 2021 ARB order into the instant case, chiefly because—as we have explained—the trial court no longer had jurisdiction to consider them.

13

new evidence is taken and all issues are determined anew"). Accordingly, the property owner—as the party seeking affirmative relief from the ARB determination—bears the burden of proving his contention that the property was incorrectly appraised.[9] *Flores v. Grayson Cnty. Cent. Appraisal Dist.*, No. 05-16-00180-CV, 2016 WL 7384161, at *1 (Tex. App.—Dallas Dec. 21, 2016, no pet.) (mem. op.); *Estate of Smith v. Ector Cnty. Appraisal Dist.*, 480 S.W.3d 796, 801 (Tex. App.—Eastland 2015, pet. denied); *Stacy Fam. Enters., Inc. v. Tarrant Appraisal Dist.*, No. 02-13-00170-CV, 2013 WL 6564299, at *2 (Tex. App.—Fort Worth Dec. 12, 2013, no pet.) (mem. op.).

When the owner contends—as Lee does here—that the property was excessively appraised or appraised using illegal methods, he must present evidence that establishes the correct value of the property, or his claim fails. *See Flores*, 2016 WL 7384161, at *2; *Briggs Equip. Trust v. Harris Cnty. Appraisal Dist.*, 294 S.W.3d 667, 670 (Tex. App.—Houston [1st Dist.] 2009) ("Briggs had the burden to prove that the market value of its inventory was different than the value appraised by [the appraisal district].."); *Rusk Indus., Inc. v. Hopkins Cnty. Tax Appraisal Dist.*, 818 S.W.2d 111, 116 (Tex. App.—Texarkana 1991, writ dism'd) (holding that even if taxing district used illegal appraisal methods, property owner was not entitled to recovery when it did not show that those methods caused any difference in the appraised value

---

[9]The appraisal district, on the other hand, bears the burden of establishing the value of the property at the initial protest hearing before the ARB. Tex. Tax Code Ann. § 41.43(a). This burden then shifts to the owner if and when he decides to appeal the ARB decision to the district court. *See Smith*, 480 S.W.3d at 801.

of the property); *see also* Tex. Tax Code Ann. § 42.25 ("If the court determines that the appraised value of the property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court.").

The crux of Lee's argument is that the District failed entirely to appraise any of the personal property at issue and, thus, its appraisal "was pure speculation, assumption, and a guess: all illegal." We understand Lee to argue that the appraisal was based entirely on an aerial photograph[10] and devoid of any further investigation by the District to determine the correct valuation. Thus, says Lee, the appraised value of the property should be zero, and summary judgment was appropriate in his favor because the District presented no evidence that he owned any taxable personal property or even that such property existed at all.

This argument is contradicted by the fact that Lee testified at his March 2022 deposition that he personally owned a large quantity of personal property—shovels, trenchers, mowers, weed-eaters, blowers, chainsaws, a pressure washer, multiple trucks and trailers, PVC pipe, rocks, and gravel—that was used by Exceptional Landscapes in its business operations. *See Keller*, 168 S.W.3d at 815 (holding that

---

[10]In his declaration, Lee stated that "*[a]t the 2021 appeal hearing* the appraiser looked at an aerial picture on a computer and said, 'that has to be worth $200,000.00.'" [Emphasis added.] As we explained above, this appeal concerns only the 2022 appraisal and ARB decision. And there is no evidence to support the contention that the District's 2022 appraisal was based—whether solely or partially—on an aerial photograph of the property.

undisputed party admissions conclusively prove a vital fact). Lee's admissions serve as conclusive proof that the business personal property existed and that he owned it—which made it available for appraisal and taxation by the District. *See id.*

Accordingly, to prevail in his de novo appeal upon the claim that the District overvalued the property, Lee bore the burden of presenting evidence as to its correct value. *See Flores*, 2016 WL 7384161 at *2. Instead, Lee repeatedly sidestepped the valuation issue: he failed to render any business personal property, to answer valuation questions in either of his depositions, or to present even a modicum of valuation evidence within the summary-judgment proceedings. Without valuation evidence, his claim fails as a matter of law, *see id.*, and the trial court did not err in denying his motion for summary judgment and granting the District's no-evidence motion on that basis. We overrule this issue.

### C. SECTION 11.14(a) EXEMPTION

Lee also appears to contend that the trial court erred in granting the District's no-evidence motion and denying his motions because the evidence conclusively proved that the personal property was exempt from taxation under Section 11.14(a). Though not entirely clear from his brief, it appears that Lee raises two arguments on this issue: (1) that because Exceptional Landscapes did not produce a *profit* for the relevant tax years, then the personal property it used could not be characterized as having been used for the production of *income* and (2) if the personal property was used by the LLC, it could not be taxable against Lee because he did not use it in his

individual capacity to produce an income. These arguments are both inadequately briefed and without legal merit.

The entirety of Lee's argument on this issue is presented in a single paragraph in his appellant's brief:

> The Defendant alleged that the Plaintiff produced no evidence that its business personal property is not used [f]or production of income, whether or not the business actually produced a profit; Lee's declaration stated that he received all of his income as a member of Lee Exceptional Investments, LLC, and did not use his tangible personal property to produce an income. The District argues that Lee admitted to trucks, trailers, rocks and gravel, shovels, trenchers, mowers, weed eaters, blowers, chainsaws, and pressure washers being used in the business of Lee Exceptional Investments, LLC. None of the above-listed items were appraised by the District, and the same are not visible from the aerial photo. If used by the LLC[,] the property is not used by Lee to produce an income. The District urges this Court to disregard the limited liability company as an entity, an argument not available under the Tax Code. (citations to the record omitted)

As noted above, Lee did not present us with the relevant standard of review. More importantly, he did not cite to a single legal authority to support his arguments—not even to Section 11.14 of the Tax Code, from which he ostensibly argues that he is entitled to a tax exemption. Disposition of these (somewhat novel) arguments would require us to engage in statutory interpretation and to delve into relevant caselaw. But Lee's brief gives us no direction in how we could complete those tasks in his favor.

An appellant's brief must contain "a clear and concise argument" that includes appropriate citations to legal authority. Tex. R. App. P. 38.1(i). "[A]ppellate courts

have no duty—or even the right—to perform an independent review of the record and the applicable law to determine whether there was error; we cannot make the party's arguments for [hi]m, and then adjudicate the case based on the arguments we have made on [his] behalf." *Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *5 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.) (internal quotations omitted). While an appellant can raise a general challenge to the trial court's grant of summary judgment, "the appellant must also support the issue with argument and authorities challenging each ground." *Rollins v. Denton Cnty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.). Failure to adequately brief an issue results in waiver of the complaint. *Craaybeek*, 2021 WL 1803652, at *3.

Because Lee failed to adequately brief this issue, he has waived it for our review. *See id.*

But even if Lee had adequately raised these arguments they would be meritless. Generally, all real and tangible personal property located in Texas is subject to taxation "unless exempt by law." Tex. Tax Code Ann. § 11.01(a)–(c). Section 11.14(a) provides that "[a] person is entitled to an exemption from taxation of all tangible personal property . . . that the person owns and that is not held or used for production of income." *Id.* § 11.14(a).

Lee sets forth an interpretation of the Section 11.14(a) exemption that ties its entitlement to whether or not the business that used the personal property made a

profit. We could find no court in this state that has recognized such an interpretation of Section 11.14(a), and we will not be the first. Rather, courts routinely and sensibly understand Section 11.14(a)'s "for the production of income" language to simply mean that the property was held or used as part of a business venture or transaction—regardless of whether it was used individually by the owner or within a separate business entity. *See Delta Cnty. Appraisal Dist. v. PPF Gin & Warehouse, LLC*, 632 S.W.3d 637, 647 (Tex. App.—Texarkana 2021, pet. denied) ("Clearly, the machinery and equipment items of a commercial farmer 'used in the production of farm . . . products' are 'used to produce income'; therefore, the tangible personal property of a commercial farmer would ordinarily be subject to taxation under Section 11.01(c) because it is not exempt from taxation under Section 11.14."); *U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 24 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (referring to personal property "used for the production of income" as "business personal property"); *see also Honeywell Int'l., Inc. v. Denton Cent. Appraisal Dist.*, 441 S.W.3d 495, 497 (Tex. App.—El Paso 2014, pet. denied) (similar).

Here, Lee admitted under oath that he was the owner of the personal property that was used by his business, Exceptional Landscapes. His admissions are taken as conclusive proof of those facts. *See Keller*, 168 S.W.3d at 815. Accordingly, he was not entitled to the Section 11.14(a) exemption for that property as a matter of law. *See* Tex. Tax. Code Ann. § 11.14(a); *cf. Bullock v. Nat'l Bancshares Corp.*, 584 S.W.2d 268,

19

272 (Tex. 1979) (explaining that tax exemptions "cannot be raised by implication, but must affirmatively appear, . . . all doubts are resolved in favor of the taxing authority and against the claimant[,]" and "the burden of proof is on the claimant to clearly show that it comes within the statutory exemption").

For these reasons, we overrule this issue.

## D. ATTORNEY'S FEES

Finally, Lee argues that the trial court erred in denying his request for attorney's fees under Section 42.29 of the Tax Code because he conclusively proved that he was entitled to a reduction in the appraised value of his business personal property. We disagree because he did not prevail in his appeal.

Section 42.29 provides that a "property owner *who prevails in an appeal to the court* [pursuant to certain enumerated Sections of the Tax Code] may be awarded reasonable attorney's fees." Tex. Tax Code Ann. § 42.29(a) (emphasis added). Lee did not prevail in his appeal under any section of the Tax Code; thus, the trial court did not err in denying him his attorney's fees. We overrule this issue.

## IV.  CONCLUSION

Having overruled all of Lee's issues, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  March 14, 2024

20